HODGE vs. BROWN.

An ordinary mortgage made to secure a debt infected with usury is
not void.   Such an instrument passes no title, and is no attempt to
pass title, and hence is not within §2057(f) of the code.

July 11, 1888.

Mortgages. Interest and usury. Title. Before Judge KIBBEE. Pulaski superior court. May term, 1887.

Mrs. M. C. Brown obtained a rule *nisi* for the fore-closure of a mortgage on certain land, against two mort-gagors. One of them pleaded that the note, which the mortgage was given to secure, was usurious in that it stipulated for interest at twelve per cent. per annum, and the mortgage was therefore void; the note being dated January 4th, 1886.

The presiding judge overruled the plea (the cause having been submitted to him without the intervention of a jury), holding that usury in a plain mortgage would only have the effect to forfeit the excess above legal interest charged. He therefore made the rule absolute for the amount of the principal of the debt with legal interest. To this ruling and decision defendant excepted.

A. C. PATE, for plaintiff in error.

MARTIN & COCHRAN, *contra.*

BLECKLEY, Chief Justice.

Section 2057(f) of the code provides that "all titles made as part of an usurious contract, or to evade the laws against usury, are void." Section 1954 declares that "a mortgage in this State is only a security for a debt, and passes no title." Tried by statute law, the result is, that any security for a debt, which when pure affords the security by passing title, is, when contaminated by usury, void and of no effect. But a security by mortgage, as it passes no title, is not rendered void by the statute. And we know of no law not statutory which requires or authorizes us to hold that a mere ordi-

nary mortgage to secure a debt has less vitality than the debt itself. When the whole contract for payment is void, so is any mortgage given to secure payment; or, when the contract for payment is void in part, that is, as to so much or such a proportion of the promise, or the stipulated sum, the mortgage also is void to the same extent. So far as the debt is sound the mortgage is sound. Here it is contended that the infirmity of the mortgage is total, though the debt in part is valid. We rule otherwise, and thus affirm the judgment.

I will add for myself that excellent reasons could be given why all securities of every kind taken by a creditor to secure an infected promise, ought to be null and void. Such a rule of law would act as a powerful preventive of usury, and in a case fully proved, would be free from any, even the slightest, injustice to the usurer. What moral right has one who violates the law by taking or contracting to take usury—what moral right has he, having thus insulted the law, to any aid from it to enforce the security upon which he has rested his illegal bargain? It seems quite enough to afford him such remedies to recover his real debt, with lawful interest, as unsecured creditors have by the general collecting laws of the State. When the legislature really wants to prevent the *practice* of usury, it can do so in a great degree by striking down all securities on which usury is built up.

Judgment affirmed.