LOWRY, surviving partner, *v.* PARKER.

Purging in the judgment of foreclosure, a mortgage of all the usury in the debt which it was given to secure, does not prevent the waiver of homestead and exemption from being void and remaining void. The mortgage lien will be postponed to an exemption right afterwards asserted in the property, but the lien can be enforced after such right expires.

May 1, 1889.

Mortgages. Interest and usury. Homestead. Liens. Before Judge WELLBORN. Lumpkin superior court. October term, 1888.

A mortgage *fi. fa.* in favor of R. J. Lowry, surviving partner of W. M. & R. J. Lowry, dated April 21st, 1888, on a judgment of April 16, 1888, for $1,500 principal, $267.67 interest to judgment, and attorneys' fees and costs, was levied upon the property set forth in the execution. Part of the property was sold at sheriff's sale under the levy and part of it was claimed by Parker, defendant in execution, as a homestead. The issue involved was submitted to the presiding judge without a jury, upon the following facts:

On January 29th, 1886, defendant borrowed of one McAlister $1,500, and gave his notes, payable to McAl-

ister or bearer, for $2,000, due January 1st, 1887, which notes were secured by a mortgage on the property described in the levy. On December 22, 1886, McAlister transferred the notes and mortgage to W. M. & R. J. Lowry, who held the same as collateral security for $1,000 borrowed by McAlister from them. On April 23, 1887, they recovered a general judgment against Parker for $1,500, besides interest, attorneys' fees and costs, the jury rendering the verdict in said case purging the notes of $500 as usury; and *fi. fa.* was issued on this judgment at the April term, 1888. The mortgage was foreclosed, and on April 16, 1888, a mortgage judgment was rendered for $1,500 principal, besides interest, attorneys' fees and costs, the sum of $500 being purged from said mortgage as usury. *Fi. fa.* issued upon said mortgage judgment which was levied upon the property in question. The notes and mortgage contained this waiver of homestead: "Said party of the first part (meaning said John A. Parker) hereby renounces for himself and family all rights and benefit of dower, exemption, schedule, homestead or bankrupt exemption as against this mortgage deed." The notes have a like waiver, substantially. After the *fi. fa.* was issued and before the levy was made, Parker applied to the ordinary in the usual legal form for the setting aside of a homestead to himself and family, which homestead was set aside as prayed for. The property in issue was and is a part of the homestead.

The judge decided that the property was not subject, the notes and mortgages having been tainted with usury, and Lowry excepted.

WEIR BOYD, for plaintiff.

PRICE & CHARTERS and R. H. BAKER, for defendant.

BLECKLEY, Chief Justice.

The facts appear in the official report. Whilst a mortgage deed infected with usury is not void as a lien

upon the property (*Hodge* v. *Brown*, 81 *Ga.* 276), any waiver of homestead or exemption contained in it is void as against the homestead or exemption right. *Small* v. *Hicks*, 81 *Ga.* 691; *Cleghorn* v. *Greeson*, 77 *Ga.* 343. True, it may become too late to insist that the debt is contaminated, as by allowing judgment of foreclosure to be taken without setting up the usury or making it appear, *McLaws* v. *Moore* (*ante*, 177); but here the usury was set up and established in the foreclosure proceeding, and recovery was had only for the amount lawfully due with the usury purged out. This recovery is not inconsistent with the invalidity of the mortgage in so far as it waived homestead, etc., but entirely consistent therewith. Indeed, the invalidity follows as a direct conclusion from the adjudication that the debt and the mortgage security were infected. That a void waiver would become valid by purging out the usury when the judgment of foreclosure was rendered, is a proposition than which none could be more unsound. The mortgage is good as a lien, but there has been no adjudication and can be none that its lien will prevail over the homestead and exemption right. With respect to that right, it stands just as it would had no waiver been inserted in the mortgage deed. Until the right expires or has run out, there can be no enforcement of the lien, but after that event it can be enforced.

*Judgment affirmed.*