438.    CENTRAL OF GEORGIA RAILWAY CO *v.* LEWIS.

1. Summons of garnishment having been served upon a corporation, and it having answered by its agent, denying that it had any money, property, or effects belonging to the defendant, which answer was traversed by the plaintiff, who thereupon served the garnishee with notice to produce certain vouchers and original checks, as well as certain letters described in the notice, which were not produced, it was error for the court to pass an order peremptorily requiring the production of such papers, until satisfied by competent evidence that the contents of such papers were in fact necessary and material to the issues involved between the parties. It was therefore error to render judgment against the garnishee in pursuance of such peremptory order.

2. The determination of the materiality of evidence involves the exercise of a judicial function; and the conclusion of a witness that the contents of a paper are material, where there is no proof as to what the paper contains, is no proof that the papers sought to be produced are in fact necessary, and can not relieve the court from the duty of passing upon the question of materiality.

Garnishment, from city court of Macon—Judge Hodges. April 1, 1907.

Argued June 25,—Decided August 8, 1907.

*R. Douglas Feagin, Wimberly & Jordan,* for plaintiff in error.
*Hardeman & Jones,* contra.

RUSSELL, J. The defendant in error brought a suit against the Macon Fair Association, and had summons of garnishment served upon the plaintiff in error, the Central of Georgia Railway Company. The garnishee answered that it was not indebted, and the plaintiff (present defendant in error) traversed that answer. On April 1, 1907, the court entered judgment against the garnishee

as in case of default, for $1301.31, and to this judgment the gar-
nishee excepts. The action of the court was based upon the failure
or refusal of the plaintiff in error (the garnishee in the lower
court) to satisfactorily respond to a notice to produce, and upon
a refusal thereafter to produce certain vouchers and other papers
after being required so to do by order of the court. Error is as-
signed upon this order of the court rendering judgment by default,
and complaint is also made that there was no proper service of the
notice to traverse. It appears from the record that "on Saturday,
March 30, 1907, the case was called for trial before the judge with-
out a jury; and counsel for the garnishee asked for further time
within which to respond to a notice to produce, filed in said case
by the plaintiff and served upon counsel for the garnishee on March
16, 1907, stating that the garnishee had endeavored to get the pa-
pers called for, but had been unable to hear from the agents of
the garnishee in Savannah, Georgia, in whose custody the papers
(if in possession of the garnishee) were." The notice filed in the
case, and to respond to which counsel for garnishee requested addi-
tional time, was as follows:

"To the Central of Georgia Railway Company: You are hereby
notified to produce upon the trial of the said case in the city
court of Macon, to be used as evidence for the plaintiff, the origi-
nals of all vouchers issued by the Central of Georgia Railway
Company to the Macon Fair Association, or to Eugene Anderson,
Secretary of said Macon Fair Association, or to Bridges Smith,
President of said Macon Fair Association, or to any other officer
or agent of said Macon Fair Association, or to any one else for
said Macon Fair Association; also the original checks with which
said vouchers were paid; also the copies retained by the Central of
Georgia Railway Company of all letters transmitting said vouchers,
or any of them." This was signed by the plaintiff's attorneys, and
an acknowledgment of service thereon, dated March 16. 1907,
was signed by Mr. Feagin as attorney for the garnishee.

Counsel for garnishee stated in his place that he had delivered the
notice to produce (the copy) to Messrs. Wimberly & Jordan, di-
vision counsel, at Macon, Georgia, on March 20, 1907, his first
opportunity to do so after receiving it from plaintiff's counsel,
and that the division counsel at once, on March 20, 1907, wrote
to the proper authorities at Savannah, requesting that the papers

called for by said notice be forwarded to Macon at once, if in the possession of the garnishee, and that no reply had been received as yet to said request. The court then announced that counsel would be given until 9 o'clock Monday morning, April 1, 1907, to respond to said notice and to produce said papers, and, over the objection of counsel for the garnishee, passed the following order and judgment: "The within notice to produce having been duly served on March 16, 1907, and it appearing that the papers required are in existence and are in possession, power, and control of the garnishee, the person notified to produce the same, and that said papers are material to the issue, it is so found; and it is thereupon ordered that the garnishee, the Central of Ga. Ry. Co., do have and produce the papers described in the within notice before the court on April 1, 1907, at 9 o'clock, a. m., or, in default, that judgment be entered thereon and thereupon against said garnishee as in case of judgments by default. This March 30, 1907." The plaintiff in error contends that this judgment was error, because there was no evidence before the court upon which to base it. The judge certifies that "counsel for the party giving notice stated in his place that the papers called for were material to the case, and that they were in the custody of the garnishee in the city of Savannah, Georgia, and were not in the custody or control or possession of the applicant; and that as a matter of fact the applicant could get along if one little voucher were produced under the notice, and that the same was in garnishee's possession in Savannah, Georgia. Counsel for the garnishee then said that he wanted further time to produce this voucher which was in Savannah, and the court then asked would Monday following be sufficient time." On Monday, April 1, 1907, before the case was called by the court for trial, counsel for the garnishee filed the following demand in writing for a jury: "Now comes the Central of Georgia Railway Company, garnishee in the above-stated case, and at the term of court at which said garnishment was answered and before the trial of the issue raised by the traverse to the answer of the garnishee, filed in said case, and in terms of the law, demands a trial by jury on the issue raised by the traverse in said case." Signed by the garnishee's attorney. When the case was called, counsel for the garnishee called the court's attention to this demand and insisted that the same be

allowed; but the court refused to consider said demand, holding that the same was not in order, and called upon the garnishee to know if it were ready to respond to the notice to produce.

Two questions are raised as presented by the record, to wit: should the traverse have been dismissed; and did the court err or abuse its discretion in entering judgment by default, because of the failure of the garnishee to produce the voucher? A notice to produce is a harsh procedure, and the law relative thereto must, for that reason, be strictly construed and followed closely. We think the court erred in granting the peremptory order requiring the garnishee to have the papers in court by nine o'clock a. m. of April 1st, 1907, and also in the judgment rendered in favor of the plaintiff against the garnishee. The learned counsel for defendant in error would be right in his conclusion of law if his premises were correct. The court should have had evidence before it on which to base the proceedings taken, and the party giving the notice (defendant in error) should have made the showing required by the Civil Code, §5250. Counsel for defendant in error relies upon the recital of the court in the bill of exceptions, that "counsel for the party giving notice stated in his place that the papers called for were material to the case, and that they were in the custody of the garnishee in the city of Savannah, Georgia, and were not in the custody or control or possession of the applicant; and that as a matter of fact the applicant could get along if one little voucher were produced under notice, and that the same was in garnishee's possession in Savannah, Georgia." This evidence was competent and sufficient in some respects, and yet it was fatally defective in a most important particular. It was shown that the voucher was in Savannah, by the admission of the counsel for the garnishee; and he asked for time in which to produce it; and although it was not necessary, under the ruling in *Morrison* v. *Hilburn,* 126 *Ga.* 114, 54 S. E. 938, the judgment was introduced in evidence, but there was no evidence as to the contents of the paper sought to be produced, nor that they were material to the issue; and for this reason the court should not have granted the peremptory order in the first place, and rendered a judgment in favor of plaintiff and against the garnishee thereafter. It is true that, according to the certificate of the presiding judge, counsel stated that the papers called for were material, but this was a mere

conclusion of the witness, and not competent evidence, which substituted the judgment of the counsel as to the materiality of the testimony for that of the court; and so far as the trial court knew or could know, and so far as this court can know, there is. not a single fact as to the contents of the papers in question from which it can be judicially determined whether the contents of the papers sought to be produced are or are not material to the issue, and as to whether the witness was or was not correct in his conclusion of law. At any rate, in the exercise of harsh remedies the law should be strictly construed. It would have to be very loosely construed for the statement of a witness, no matter how truthful, that the contents of a certain paper or papers are material, to be allowed to oust the judicial function of passing upon the materiality of evidence. Had the trial judge, upon evidence,. of the contents of the vouchers, properly held them to be material,. we might be able to 'determine, upon review, that such evidence was material, and for that reason we might be prepared to say that the judgment rendered against the garnishee was correct. In the absence of such evidence the judge could not say that the evidence was material. Nor can we. It is unnecessary to discuss the remaining assignments of error, for the reason that the error of the judge in passing upon the case without sufficient evidence goes to the root of the whole case and demands a new trial.

*Judgment reversed.*