### 8735. CROOM v. JORDAN.

1. The judgment of a trial court, sitting without a jury, on a question of fact, will not be disturbed by the Court of Appeals, where there is legal evidence to sustain the finding of the court.

2. The lien of a chattel mortgage executed prior to the act of 1916 (Georgia Laws, 1916, p. 48), as security for a loan of money, for the use of which interest at a rate greater than five per cent. per month has been reserved or charged, may be asserted for the principal and lawful interest on the debt. Where such a mortgage has been executed since the act of 1916, the lien may be asserted for the principal amount actually loaned or advanced. The fact that the charging or taking of interest in excess of five per cent. per month is made a misdemeanor, punishable by fine and imprisonment, does not render the mortgage absolutely void, since

the laws of this State provide for the status of usurious contracts, including mortgages, when the subject of an action in a civil court.

DECIDED SEPTEMBER 13, 1917.

Certiorari; from Bibb superior court—Judge Mathews. February 14, 1917.

A chattel mortgage, executed in 1915 by Croom to Jordan, was foreclosed by Jordan in the municipal court of Macon, and Croom filed an affidavit of illegality, contending, (1) that at the time of the execution of the mortgage he was an infant; and (2) that the plaintiff reserved and charged interest in excess of five per cent. per month for the money advanced as the consideration for the execution of the mortgage. On the plaintiff's motion the judge of the municipal court struck the second ground of the affidavit of illegality, so far as it sought to bar the plaintiff's right to recover the sum actually advanced and legal interest, and the case proceeded to trial upon the questions as to the infancy of the defendant at the date of the execution of the mortgage, and as to the amount of usury, if any, included in the note secured by the mortgage. The court, sitting without a jury, found in favor of the plaintiff for the principal and legal interest, and against the plea of infancy. Certiorari was sued out by the defendant, the judge of the superior court overruled the certiorari and the case came to this court on exceptions to that judgment.

C. H. Garrett, for plaintiff in error.

J. C. Estes, Walter DeFore, contra.

GEORGE, J. 1. The evidence in the record authorized the judge of the municipal court to find that the mortgage executed by the defendant was given by him during his minority, to obtain money with which to pay the purchase price of a horse to be used and which was used by him in connection with his business as salesman and collector. Under section 4235 of the Civil Code (1910), and on the facts in the record, it can not be said that the judgment finding against the plea of infancy is without evidence to sustain it.

2. The Civil Code (1910), § 3436, provides as follows: "It shall not be lawful for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum, either directly or indirectly by way of commission for advances, discount, exchange, or

by any contract or contrivance or device whatever." By section 3438 it was provided that "Any person, company, or corporation violating the provisions of section 3436 shall forfeit the excess of interest so charged or taken, or contracted to be reserved, charged, or taken." Section 3442 provided that "All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." A mortgage, under our law, does not convey title, and if infected with usury, is not void except as to the excess of interest reserved, charged, or taken. Under our law a power of sale contained in a mortgage infected with usury is valid and may be exercised to the extent of collecting the principal together with lawful interest. *Holliday* v. *Lowry Banking Co.,* 92 *Ga.* 675 (19 S. E. 28) ; *Hodge* v. *Brown,* 81 *Ga.* 276 (7 S. E. 282) ; *Moseley* v. *Rambo,* 106 *Ga.* 597, 600 (32 S. E. 638) ; *Payton* v. *McPhaul,* 128 *Ga.* 518 (58 S. E. 50). By act of 1916 (Georgia Laws, 1916, p. 48) sections 3438 and 3442, supra, were repealed and it was provided that "Any person, company, or corporation violating the provisions of section 3436 of the Code of 1910 shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged, or taken." Section 2 of the act is as follows: "Be it further enacted, by the authority aforesaid, that no further penalty or forfeiture shall be occasioned, suffered, or allowed further than as stipulated in section 1 hereof (the entire interest)." The mortgage involved in the instant case was executed before the passage of that act, and the status of the mortgage, under the rule obtaining in this State, is fixed by the law as it existed at the time of the execution of the mortgage. "Statutes amending prior statutes are to be construed as intended to have operation on future transactions only, and as having no retroactive purpose not plainly expressed." Compare *Maynard* v. *Marshall,* 91 *Ga.* 840 (2) (18 S. E. 403).

Section 3444 of the Civil Code (1910) provides as follows: "It shall be a misdemeanor for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than five per cent. per month, either directly or indirectly, by way of commission for advances, discount, exchange, the purchase of salary or wages, by notarial or other fees, or by any contract, or contrivance, or device whatever; save and except

only that regularly licensed pawnbrokers, where personal property is taken in their actual physical possession and stored by them, may charge, in addition to said rate of interest, not exceeding twenty-five cents at the time said property is first taken possession of by them for the storage of said property." Section 3445 declares: "The preceding section shall not be construed as repealing or impairing the usury laws now existing, but as being cumulative thereto." Section 700 of the Penal Code (1910) provides that "whoever shall violate section 3444 of the Civil Code, relating to interest at a greater rate than five per cent. per month, shall be guilty of a misdemeanor." It is insisted by the plaintiff in error that the mortgage executed by him is absolutely void. The uncontroverted evidence is to the effect that the mortgage contained an amount as interest in excess of five per cent. per month. Under the law of this State such a contract is unlawful, and the act of reserving, taking, or charging a rate of interest greater than five per cent. per month for the loan or advance of money, or forbearance to enforce the collection of money, is made penal. Section 3444 of the Civil Code and section 700 of the Penal Code would have the effect (nothing further appearing) to sustain the contention made by the plaintiff in error, and defeat the mortgage in this case, manifestly made in the face of the plain provisions of the law of this State, referred to above. However, the statutes and the decided cases of the courts of last resort in this State on the subject of usury provide for the civil status of usurious contracts. As to contracts made prior to the acts of 1916, the excess interest, that is, the amount charged over and above the legal rate of interest, shall be forfeited. The status of a mortgage infected with usury, when the subject of an action in a civil court, as in this case, is thoroughly established by the decisions of this court and of the Supreme Court. Such a mortgage is not void, except as to the usury included therein, and may be enforced for the collection of the actual principal and the legal interest thereon. As to contracts made since the act of 1916, the principal only is collectible. In the absence of our statutes and decided cases the invalidity of the mortgage involved in the present case might be conceded. In view of the recognized status of usurious mortgage contracts, the judge of the superior court, in our opinion, rendered the proper

judgment, and it is accordingly affirmed. Compare Waite v. Bartlett, 53 Mo. App. 378 (2).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*