9333.  WEST *et al. v.* ATLANTA LOAN AND SAVING CO.

1. The demurrer not being set out, and no exception pendente lite to the ruling of the court thereon appearing, the question raised by it can not be considered.
2. The court did not err in refusing to grant a nonsuit because of an alleged failure of the plaintiff to produce, under notice, certain records.
3. Inasmuch as the trial judge directed a verdict for only the principal and legal interest, it is not necessary to determine as to the right of the plaintiff under its charter to charge interest, and fix and collect penalties for non-payment of installments due on loans. The verdict was authorized, and the court did not err in dismissing the certiorari.
DECIDED APRIL 10, 1918.

Certiorari; from Fulton superior court—Judge Bell.  October 11, 1917.

The Atlanta Loan and Saving Company sued Mrs. J. E. West et al., in the municipal court of Atlanta, on a promissory note. The defendants filed a special demurrer to the petition. It was overruled, and a verdict was rendered in favor of the plaintiff. A new trial was granted on motion of the defendants; and upon the second trial they insisted on their special demurrer. The trial judge held that the demurrer having been overruled in a preceding trial, the question raised by it was closed, and could not be opened on a second trial of the cause. The case proceeded to trial, and a verdict for the plaintiff was directed for principal and legal interest, less than the amount for which suit was brought. The defendants sued out certiorari, the certiorari was dismissed by the judge of the superior court, and they excepted.

*Hill & Adams,* for plaintiffs in error.  *Philip Weltner,* contra.

HARWELL, J.  1. This case was tried twice in the municipal court.  The petition for certiorari alleged that on the second trial the plaintiffs in error insisted on the demurrer which had been overruled on the first trial.  The demurrer not being set out, and,

according to the answer, no exception pendente lite having been taken to the order overruling the demurrer, this ground can not be considered.

2. The motion made by the defendants to grant a nonsuit, because of an alleged failure of the plaintiff to produce, under notice (Civil Code, § 5839), certain records, was without merit. The book of fines and penalties was produced by the plaintiff; and as to the original carbon copies of certain notices, the testimony for the plaintiff was that it kept no carbon copies. Moreover, "Before judgment can be entered against a party for failure to produce books or papers in accordance with a notice served upon him in terms of the statute, it is necessary that there should be a peremptory written order made by the judge and entered upon the minutes of the court, requiring the party to produce the books or papers within a reasonable time, according to the circumstances of the case." *Marshall* v. *McNeal*, 114 *Ga.* 622 (40 S. E. 796); *Central Railway Co.* v. *Lewis*, 2 *Ga. App.* 428 (58 S. E. 674); *Carter* v. *Southern Railway Co.*, 3 *Ga. App.* 39 (59 S. E. 209).

3. The petition for certiorari complains that the court erred in refusing to grant a nonsuit at the conclusion of the plaintiff's testimony. It also complains that the court erred in directing a verdict for the plaintiff, upon the general ground that the direction of a verdict was contrary to law; and further because it is insisted that the plaintiff, the Atlanta Loan and Saving Company, is not a building and loan association or like association under the provisions of the Civil Code, § 2878, and is not entitled to the privileges of those associations as to interest charges; and that the note and contract given to the plaintiff by the defendants was infected with usury and void, and that the plaintiff was not entitled to recover any amount. The defendants introduced no evidence. Since the court directed a verdict for only the principal and legal interest, it is not necessary to determine whether the plaintiff is entitled to the privileges granted building and loan associations or like associations under the provisions of the Civil Code, § 2878. That the note charged or reserved a rate of interest in excess of the legal rate would not make it void. If usurious, the effect is simply to forfeit the excess of interest above the legal rate; the note and contract having been made on May 25, 1916, prior to the act of the legislature, approved August 18, 1916,

which forfeits all interest in a usurious contract. Code section 3444, which makes it a misdemeanor to charge more than a certain rate, does not attempt to annul the contract. The section following (3445) says: "The preceding section shall not be construed as repealing or impairing the usury laws now existing, but as being cumulative thereto." A contract is not rendered void under the laws of this State by the fact that it is tainted with usury. We do not mean to say that the contracts made by the plaintiff were usurious. It may be strictly within its rights under its charter for such charges of interest and penalties as it makes. We simply say that, since the court directed a verdict for only the principal and legal interest, it is not necessary to determine this question.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*