11085.   CITIZENS BANK OF ROME *v.* HOYT & CO. *et al.*

Usury in a promissory note does not render it void, under the laws of Georgia. Where executed prior to the act of 1916 (Ga. L. 1916, p. 48) it can be enforced for the principal and lawful interest.

DECIDED APRIL 14, 1920.

Complaint; from city court of Floyd county — Judge Nunnally. October 31, 1919.

On November 1, 1911, a note for $2,544.01 principal, payable on demand, was given to the Citizens Bank of Rome, Georgia, signed by N. C. Hoyt & Company, and by B. C. Yancey and N. C. Hoyt. On January 27, 1915, suit for the amount then due thereon was brought against the signers, and it was alleged that "N. C. Hoyt & Company is a partnership composed of N. C. Hoyt and Benjamin C. Yancey." Pleas were filed in behalf of all the defendants, in which they admitted the execution of the note, but alleged, that it was a part of a scheme to evade the usury law enacted in 1908, which made it a misdemeanor "for any one to charge, take or receive, in any manner, directly or indirectly, interest for the use of money at a greater rate than five per cent. per month;" "that said note was prepared by the Citizens Bank, through its president, Sproull Fouché, as a part of a criminally

usurious scheme, for the purpose of exacting and securing usury in certain money-lending transactions hereinafter more fully described to the court; that the said note was taken by the said Citizens Bank for the purpose of protecting itself from whatever losses it might suffer in the prosecution of its criminally usurious practices; that the said Citizens Bank not only acted with full knowledge of this criminal scheme, but took active part in it, both by preparing the note sued on as a part of the evasive scheme and by sharing liberally in the bountiful harvest of ill-gotten gains derived as is hereinafter more fully set out and described;" that "by this criminal scheme it was arranged, and clearly understood both by the said Sproull Fouché, president as aforesaid, and N. C. Hoyt & Company, that the said Hoyt & Company should take notes and mortgages from the borrower and indorse these notes and hand them to the said Citizens Bank; the said bank was to furnish the money, Hoyt & Company to charge the criminal usury, and the said Citizens Bank and N. C. Hoyt & Company were to share in the criminal usury and the proceeds of the criminal act. The usury charged by this evasive scheme ranged from 5% per month to 20% per month, according to the degree of misfortune in which the borrower found himself when forced to resort to this source for funds;" "that defendant can not herein set forth the names of the makers of all notes handled from said 15th day of August, 1908, to November 1, 1911, nor the amounts of said notes or the interest so charged by said plaintiff, but that the books of plaintiff will show the sums charged and collected by said plaintiff;" that "this defendant charges and believes that the amount of interest charged and retained by said bank, and the amount of discount so charged by said bank, as alleged in the 6th paragraph of this answer, over and above the legal rate of eight per cent. per annum, was far larger than the amount claimed by plaintiff as due on said note, and that if said excess of interest and discount rate so charged and collected by said bank is applied as a credit on said note sued on, the said note would not only be fully paid but largely overpaid, and defendant entitled to a judgment against said plaintiff for said excess;" "that the exacting, reserving, and contracting for said illegal interest was criminal, and the contract so entered into and the note so taken and now sued on is abso-

lutely void and ·can not be enforced in the courts." Defendants prayed that they "be released from any and all liability which may attach to them under and by reason of this said note sued on, and that petitioner's suit be dismissed."

On the trial of the case the plaintiff introduced the note and closed. The defendants introduced evidence to support the allegation in their plea that usurious interest had been charged, and then made the following motion, counsel stating: "If there was a conflict in the evidence there might be a matter for the jury. but we ask your honor to direct a verdict for the defendants sued here on this note. They offer the note and close, and the defendants attack the note, not only [for the reason] that it is usury, but it is absolutely a crime, illegal. All the evidence, except the mere introduction of the note, and there is no contradiction of the defendant, and he says they got together, the proposition was made and discussed, and the whole transaction was between him and the bank. In other words, he was a sort of go-between, between the bank and the borrower." The court directed a verdict for the defendants, and the plaintiff excepted.

*Denny & Wright,* for plaintiff.

*Maddox & Doyal, C. I. Carey, Claude H. Porter,* for defendants.

BLOODWORTH, J. (After stating the foregoing facts.)

Under the rulings in *Croom* v. *Jordan,* 20 *Ga. App.* 802 (93 S. E. 538), and *West* v. *Atlanta Loan & Savings Co.,* 22 *Ga. App.* 184 (95 S. E. 721), the court erred in directing a verdict for the defendants. In the opinion in the *Croom* case Judge George said: "It is insisted by the plaintiff in error that the mortgage executed by him is absolutely void. The uncontroverted evidence is to the effect that the mortgage contained an amount as interest in excess of five per cent. per month. Under the law of this State such a contract is unlawful, and the act of reserving, taking, or charging a rate of interest greater than five per cent. per month for the loan or advance of money or forbearance to enforce the collection of money, is made penal. Section 3444 of the Civil Code and section 700 of the Penal Code would have the effect (nothing further appearing) to sustain the contention made by the plaintiff in error, and defeat the mortgage in this case, manifestly made in the face of the plain provisions of the law of this State, referred to above. However, the statutes and the decided cases of the

courts of last resort in this State on the subject of usury provide for the civil status of usurious contracts. As to contracts made prior to the acts of 1916, the excess interest, that is the amount charged over and above the legal rate of interest, shall be forfeited. The status of a mortgage infected with usury, when the subject of an action in a civil court, as in this case, is thoroughly established by the decisions of this court and the Supreme Court. Such a mortgage is not void, except as to the usury included therein, and may be enforced for the collection of the actual principal and the legal interest thereon." In the *West* case, supra, Judge Harwell said: "That the note charged or reserved a rate of interest in excess of the legal rate would not make it void. If usurious, the effect is simply to forfeit the excess of interest above the legal rate; the note and contract having been made on May 25, 1916, prior to the act of the legislature, approved August 18, 1916, which forfeits all interest in a usurious contract. Code section 3444, which makes it a misdemeanor to charge more than a certain rate, does not attempt to annul the contract. The section following (3445) says: 'The preceding section shall not be construed as repealing or imparing the usury laws now existing, but as being cumulative thereto.' A contract is not rendered void under the laws of this State by the fact that it is tainted with usury." The Civil Code (1910), § 4215, provides that "A contract to do an immoral or illegal thing is void. If the contract be severable, that which is legal will not be annulled by that which is illegal." Usury can be *severed* from legal interest.

Applying to the facts of this case the principle announced in the foregoing decisions, the plaintiff would be entitled to recover the amount of the principal sued for and legal interest, after deducting the amount of usury incorporated therein; and the question as to the amount of the usury should have been submitted to the jury.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*