### 76244. PAVE WAY CONSTRUCTION COMPANY, INC. et al. v. PARRISH et al.
(370 SE2d 495)

Pope, Judge.

Appellees Dave Parrish and Southeast Grading, Inc. brought suit against appellants Pave Way Construction Company, Inc. and its principal shareholders to collect on an open account and on a promissory note in the amount of $100,000. Other claims were also made, but are not at issue in this appeal. All parties moved for summary judgment. The trial court found the terms of the promissory note to be usurious and granted partial summary judgment to appellants on the claim to recover interest and other charges included in the promissory note. However, the court denied summary judgment to appellants to the extent their motion contended charges of usurious interest rendered the loan void and unenforceable even as to the principal amount of the loan. The court granted partial summary judgment to appellees on the claim to recover the principal amount of the loan. Summary judgment was denied to both parties on the claim for monies allegedly due on open account, and that claim remains pending for trial. Appellants brought this appeal from the grant of partial summary judgment to appellees on the principal amount of the loan, arguing the usurious interest rate reflected in the loan renders the entire contract void and unenforceable.

"[O]ne who lends at a usurious [interest] rate forfeits only the interest and other charges for making the loan — not the principal. Code § 57-112 (a) [OCGA § 7-4-10 (a)]." *Service Loan & Fin. Corp. v. McDaniel*, 115 Ga. App. 548, 549 (154 SE2d 823) (1967). We reject appellants' argument that a usurious loan is totally void and unenforceable as an illegal contract pursuant to OCGA § 13-8-1. Said code section pertaining to illegal contracts provides that the part of an illegal contract which is legal will not be invalidated by the part which is illegal. Prior to passage in 1916 of the statute which imposes forfeiture for all interest in a usurious contract (Ga. L. 1916, p. 48, §§ 1, 2), the lender could recover legal interest. In *Citizens Bank of Rome v. Hoyt & Co.*, 25 Ga. App. 222 (102 SE 837) (1920), we rejected the argument that usury rendered the entire contract void and found that usury could be severed from legal interest. Likewise, usurious interest can be severed from the principal amount of the loan. Moreover, the statute providing for forfeiture of all interest further states: "No further penalty or forfeiture shall be occasioned, suffered, or allowed."

OCGA § 7-4-10 (a). Even if it could be argued that the usurious terms of a contract could not be severed from its remaining terms, said statute would appear to establish an exception to the rule rendering illegal contracts void in their entirety. The rule that usury does not render a contract void in its entirety applies equally to contracts, such as the one at issue in this case, in which the interest charges are violative of the criminal usury statute, OCGA § 7-4-18. *Citizens Bank v. Hoyt & Co.*, 25 Ga. App. 222, supra; *West v. Atlanta Loan &c. Co.*, 22 Ga. App. 184 (3) (95 SE 721) (1918); *Croom v. Jordan*, 20 Ga. App. 802 (2) (93 SE 538) (1917).

We grant appellants' motion to strike the amicus curiae brief filed in support of appellees for failure to disclose the identity and interest of the person on whose behalf the brief is filed, as required by Rule 13 of the Rules of the Court of Appeals. In fact, the only clue as to the identity of the party filing the amicus brief was the signature of the attorney who filed the brief showing himself to be "Attorney for Appellees." By definition, a party to an appeal cannot be an amicus curiae but must submit briefs in accordance with Rule 14.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 13, 1988 —
REHEARING DENIED JUNE 7, 1988 —

*Jerry L. Sims, Mark G. Burnette*, for appellants.
*M. Michael Kendall*, for appellees.
*John R. M. Whelan*, amicus curiae.