## A93A1240. MINOR v. McDANIEL.
(435 SE2d 508)

BEASLEY, Presiding Judge.

McDaniel purchased a home through an FHA insured mortgage. She avers: she had insufficient funds to pay all of the closing costs; Minor, the real estate agent, loaned the needed funds to her; in consideration she gave him a promissory note and security deed covering the home she had purchased. Minor did not record the security deed until several years after the closing. McDaniel and Minor became embroiled in a dispute over her payment of the note. McDaniel's mortgage company informed her that the loan was illegal, and she reported it to federal authorities.

Minor subsequently pled guilty to an indictment charging him with violating 18 USC §§ 1001 and 1002 by inducing Minor to falsely certify at the sale closing that the residence would be owned by her free and clear of all liens other than the mortgage, that she would not have outstanding any other unpaid obligations contracted in connection with the mortgage transaction or the purchase of the property except obligations secured by property or collateral owned by her independently of the mortgaged property, and that she had paid all of the costs of closing the loan.

Thereafter Minor sued McDaniel for nonpayment of the note. Despite his guilty plea, he alleged that he had loaned the money to McDaniel for some purpose other than to pay closing costs on the purchase of her home. In reliance upon OCGA § 13-3-45 and *Hanley v. Savannah Bank &c. Co.*, 208 Ga. 585 (68 SE2d 581) (1952), McDaniel moved to dismiss, arguing that the note and underlying consideration were illegal. The court granted the motion as one for summary judgment because of the presentation of evidence outside the pleadings.

On appeal, Minor argues that the consideration for the note was not illegal, but rather that the only illegality was his placement of an encumbrance on the residence through recordation of the security deed, which he did not do until several years after the note was exe-

cuted. This argument fails. First, Minor pled guilty to the charge that he had induced McDaniel to falsely certify that the residence was free and clear of all liens, but the security deed was a lien on the property prior to its recordation. Minor's delay in recording it, and thereby concealing it, merely affected its priority over subsequent purchasers and lenders without actual notice of the security deed. See OCGA §§ 44-2-1; 44-2-2; 44-2-3; 44-14-63. Second, the indictment to which Minor pled guilty alleged that he induced McDaniel to certify that she would not have any other outstanding unpaid obligations contracted in connection with the mortgage transaction or purchase of the property except obligations secured by property or collateral owned by her independently of the mortgaged property. Her promissory note to Minor thus constituted a prohibited obligation. Third, the indictment also alleged that Minor had induced McDaniel to falsely state she had paid all closing costs. Thus, his lending of money to her to pay part of the closing costs was legally prohibited.

Consequently, the promissory note was founded upon an illegal consideration, for which reason public policy renders it unenforceable. "If the consideration is illegal in whole or in part, the whole promise fails." OCGA § 13-3-45. " 'A court of justice will not lend its aid to the enforcement of any contract the making of which is prohibited, nor to the enforcement of anything necessary to complete the accomplishment of an unlawful purpose. If the contract is executed it will be left to stand; if it be executory neither party can enforce it.' [Cit.] 'If a contract be illegal as against public policy, its invalidity will be a defence while it remains unexecuted. If the illegal contract be in part performed and money has been paid in pursuance of it, no action will lie to recover the money back.' [Cit.]" *Jones v. Faulkner*, 101 Ga. App. 547, 548-549 (114 SE2d 542) (1960); see *Baily v. Milner*, 35 Ga. 330 (1868).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED AUGUST 27, 1993.

Lester B. Minor, *pro se.*
*Whiteman & Whiteman, Mary W. Whiteman,* for appellee.