A99A1322, A99A1389. HOPKINSON v. HOPKINSON;
and vice versa.
(521 SE2d 453)

JOHNSON, Chief Judge.

Helen Hopkinson filed a petition to modify alimony and child support paid by her former husband, Peter Hopkinson. He filed a counterclaim for, among other things, stalking. She then amended her action to claim that he had stalked her and caused her emotional distress. The trial court severed the alimony and child support modification claims from the parties' stalking and other claims. A jury trial on the modification issues resulted in a judgment increasing the amount of alimony, but not the amount of child support.

A separate jury trial was held on the Hopkinsons' other claims. After the close of the evidence, the court charged the jury that both parties claimed the other was liable in tort for stalking and read to the jury the statute defining the crime of stalking. The jury found against Mrs. Hopkinson and in favor of Mr. Hopkinson, returning a general verdict awarding him $100,000 in damages and $110,000 in attorney fees. Mrs. Hopkinson appeals from the judgment entered on that verdict, and Mr. Hopkinson cross-appeals from the court's refusal to set off his $100,000 judgment against his alimony obligations.

### Case No. A99A1322

1. Mrs. Hopkinson correctly contends that in light of the recent decision in *Troncalli v. Jones*, 237 Ga. App. 10 (514 SE2d 478) (1999), the trial court erred in charging the jury that it could award tort damages for stalking. The *Troncalli* court cited the well-settled principle that violation of a penal statute does not automatically give a party injured by the violation a civil cause of action. Id. at 12 (1). The court applied that principle to OCGA § 16-5-90, which defines the crime of stalking, and expressly held that the criminal statute does not create a tort of stalking. Id. The court concluded that because there is no cause of action for stalking, a verdict based on such a claim cannot stand. Id. at 12-13 (1).

Although the trial court here did not have the benefit of the *Troncalli* decision because it was published after the trial in this case, and though we are hesitant to reverse a judgment based on an error to which the appellant contributed by making her own stalking claim, we cannot ignore and are obligated to apply the law as it now exists. See *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 796 (4) (359 SE2d 920) (1987) (physical precedent). Under *Troncalli* there is no tort cause of action arising from the criminal stalking statute, and we are therefore compelled to find that the trial court erroneously instructed the jury on stalking as a basis for awarding tort damages. Because the jury returned a general verdict in favor of Mr. Hopkinson, we cannot tell if the verdict was entered on one of his proper tort claims or on his improper claim of stalking. See *Troncalli*, supra at 13 (1). Consequently, we must reverse the judgment for money damages entered on that verdict.

2. Because the award of damages is reversed, the award of attorney fees to Mr. Hopkinson must also be reversed. "Because litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded." *Gardner v. Kinney*, 230 Ga. App. 771, 772 (498 SE2d 312) (1998).

### Case No. A99A1389

3. Mr. Hopkinson's argument that the court erred in refusing to set off his $100,000 judgment against his alimony payments is without merit. Because we have reversed the judgment in his favor, there is now nothing to be set off. Moreover, a party paying alimony is not entitled to such a set-off. *Baer v. Baer*, 263 Ga. 574, 575-576 (2) (436 SE2d 6) (1993). The trial court's decision not to grant a set-off was correct.

*Judgment affirmed in Case No. A99A1389. Judgment reversed in Case No. A99A1322. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 5, 1999

Robert C. Koski, for appellant.

Bogart & Bogart, Jeffrey B. Bogart, George R. Ference, for appellee.