A02A1038. BORISON et al. v. CHRISTIAN et al.
(570 SE2d 696)

MILLER, Judge.

The Borisons sued to recover a claimed overpayment to defendants Christian and Smith. There was no dispute that the amount defendants received from the Borisons for posting bail bonds for a Borison family member exceeded the then statutory maximum of ten percent, and the Borisons sought a refund of the excess over ten percent. We agree that the Borisons are entitled to recover such excess and reverse the grant of summary judgment to defendants.

In February 1997, bail of $1 million was set for Richard Borison. His family agreed to pay Christian and Smith $100,000 if they would post the bond. The property Christian and Smith put up, however, was accepted by the sheriff at a value of only $317,224. Thus, the Borisons were required to sign another bond for the remaining $682,776. The Borisons paid Christian and Smith the $100,000. The Borisons later sued Christian and Smith to recover damages of $68,277.60 — i.e., the excess of $100,000 over ten percent of $317,224.

The Borisons' motion for summary judgment was denied, but they do not claim error in that regard. Christian then moved for summary judgment, and the trial court granted "Defendants'" motion. As to Smith, "our law . . . allows a trial court to grant, sua sponte, a summary judgment." (Footnote omitted.) *Tidwell v. Tidwell*, 251 Ga. App. 863, 864 (554 SE2d 822) (2001).

1. It is a misdemeanor to receive bail bond compensation from anyone acting for a defendant in excess of the statutory maximum. OCGA § 17-6-30 (b). A threshold question is whether this statute provides a civil cause of action. OCGA § 17-6-30 does not explicitly create a civil cause of action, and a "violation of a penal statute does not automatically give a party injured by the violation a civil cause of action. [Cit.]" *Hopkinson v. Hopkinson*, 239 Ga. App. 518, 519 (1) (521 SE2d 453) (1999). *Norris v. Sigler Daisy Corp.*, 260 Ga. 271 (1) (392 SE2d 242) (1990), however, indicates that a civil cause of action is available.

In *Norris*, a borrower sued to recover usurious interest he had paid. The Supreme Court of Georgia stated that "[a] threshold question . . . is whether the provisions of the criminal usury statute have any applicability to a civil action." 260 Ga. at 271 (1). *Norris* concluded that "a loan violative of the criminal usury statute is illegal, with the result that the lender forfeits the interest but may collect the principal." Id. at 272 (1). Thus, the borrower was held entitled to recover the interest. Id. at 273 (4). As this is indistinguishable in principle from the case before us, we hold that a violation of OCGA § 17-6-30 does give the injured party a civil cause of action.

2. Neither party cites a case involving an attempted recovery of excessive charges for a bail bond, nor has our research of Georgia law revealed any such case. *Chewning v. Huebner*, 142 Ga. App. 112 (235 SE2d 573) (1977), is similar, however, in that the plaintiff recovered usurious interest. There, the borrowers had paid all the principal and interest on a loan and then sued to recover the interest on the ground that it was usurious. After noting that the facts were not in dispute and agreeing with the borrowers that the interest was in fact usurious, we held that the trial court erred in denying the borrowers' motion for a directed verdict. Id. at 114.

The only difference of potential significance between *Chewning* and this case is that there, the plaintiffs were trying to recover *all* of the interest they paid, while here the plaintiffs are trying to recover only the *excessive portion* of the bail bond charge they paid. This difference is not significant, as it is simply a distinctive feature of post-1916 usury law that a person violating the civil usury provision, OCGA § 7-4-2, forfeits, pursuant to OCGA § 7-4-10 (a), the *entire* interest contracted for or received. Prior to legislative action in 1916,

only the *excessive* interest was forfeited. *Pave Way Constr. Co. v. Parrish*, 187 Ga. App. 428 (370 SE2d 495) (1988).

*Pave Way* confirms that illegal contracts may be severable. *Pave Way* was a suit by unpaid lenders to collect principal and interest. The trial court granted summary judgment to the lenders for the principal, despite the claim of the borrowers that the usurious interest rendered even that uncollectible. The court granted summary judgment *against* the lenders on the interest, however. The borrowers appealed the ruling that the principal was collectible. We affirmed, rejecting the borrowers' argument "that a usurious loan is totally void and unenforceable as an illegal contract pursuant to OCGA § 13-8-1," and noting that "[s]aid code section . . . provides that the part of an illegal contract which is legal will not be invalidated by the part which is illegal." 187 Ga. App. at 428; see *Citizens Bank of Rome v. Hoyt & Co.*, 25 Ga. App. 222, 225 (102 SE 837) (1920).

Christian argues that the usury statute is a statutory exception, relying on a partially quoted statement from *Pave Way*, 187 Ga. App. at 429. The entire statement is that *"[e]ven if it could be argued that the usurious terms of a contract could not be severed from its remaining terms,* [OCGA § 7-4-10 (a)] would appear to establish an exception to the rule rendering illegal contracts void in their entirety." (Emphasis supplied.) Id. Since *Citizens Bank*, supra, holds that the excessive portion of usurious interest *can* be severed from the legal part, we conclude that the excessive portion of a bail bond charge likewise can be severed from the legal part such that, under OCGA § 13-8-1, the legal part of the contract — compensation of ten percent of the principal amount — is not invalidated by the illegal part — the amount of the compensation in excess of ten percent.

Contending that the entire agreement was illegal and that therefore no court should step in to require reimbursement, Christian points to OCGA § 13-3-45, which provides: "If the consideration is good in part and void in part, the promise will or will not be sustained, depending upon whether it is entire or severable. If the consideration is illegal in whole or in part, the whole promise fails." This statute first addresses a party's attempt to enforce a promise on the basis of consideration flowing from that party, and the second sentence provides a shield to the promisor when the consideration is illegal. Here, however, the Borisons are attempting to *recover* the illegal part of the consideration paid for promises — to put up bail bonds — that have already been performed. As a defense, Christian is attempting to use OCGA § 13-3-45 as a shield *against that recovery*. That is not contemplated by the statute. Christian's reliance on *Minor v. McDaniel*, 210 Ga. App. 146 (435 SE2d 508) (1993), is misplaced, as in that case we held that the trial court had correctly

allowed the promisor to use OCGA § 13-3-45 as a shield against *enforcement* of a promise for which the consideration was illegal.

3. Finally, Christian claims that the Borisons cannot recover under OCGA § 13-1-13, which basically provides that a party may not recover payments voluntarily made unless they were made to release person or property from detention. Since the Borisons paid the money to release Richard Borison from detention, the statute's exception applies, and recovery is not barred.

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 4, 2002 —

*Bell & Bell, David B. Bell, Sharon B. Enoch*, for appellants.
*Sam G. Nicholson*, for appellees.
Henry R. Smith, *pro se.*