### 7188. AMERICAN SEWER PIPE COMPANY v. MATHEWS.

JENKINS, J. 1. Where in a written contract of employment it is stipulated that the "arrangement may be terminated at the end of any month by either party giving written notice to the other party," the stipulation as to notice is not complied with on the part of the employer by his sending to the employee a letter in which the making of a new and different contract with him is clearly contemplated, and in which the employer states that in his opinion "it would be advisable to proceed on the old contract for thirty days longer," the import of this communication being thus clearly predicated upon the making of the new arrangement.

2. Where on a later date the employer notifies the employee that the intention of the former notice was to terminate the contract, but the employer afterwards continues to treat the recipient of the communication as his employee and to hold him out as such to others, and, with the knowledge and under the direction of the employer, the employee continues to perform his duties as such, and the employer continues to accept the benefit of the services so rendered, the latter notice can not, under the circumstances, be held to be binding upon the employee.

3. In order that an existing contract shall be discharged by the making of a new and inconsistent agreement by the parties thereto, the new contract must be so complete in all of its terms as to bind each of the contracting parties.

4. There was no error in admitting the testimony complained of in the ninth ground of the motion for a new trial, wherein a witness for the plaintiff testified that the defendant employer denied the existence of such a new and inconsistent contract.

5. Prior to the legal termination of such a contract the employer was liable, according to its provisions, for expenses incurred by the employee in the taking of orders, even though the employee may have been orally informed by the employer that his territory was so disposed of to another as inferentially to prevent the filling of such orders; it also appearing that after such oral notice the employer still continued to direct the employee in the further taking of orders by him, and part, at least, of such expenses being thus specifically authorized, and the bill of exceptions not clearly pointing out the alleged unauthorized expenses complained of as allowed. *Smith* v. *Georgia Loan, Savings & Banking Co.*, 113 *Ga.* 975 (39 S. E. 410); *Higgins* v. *Cherokee Railroad*, 73 *Ga.* 149; *Baxter* v. *Camp*, 126 *Ga.* 354 (54 S. E. 1036).

6. In the motion for a new trial it is complained that the judge erred in not construing the letters in evidence in which, it was contended by the defendant, a notice of the termination of the contract was given. It appears that there were in evidence about eighty letters between the plaintiff and the defendant, introduced as throwing light upon the alleged termination of this contract, of which number approximately a half were written by the defendant. Such a motion is not sufficiently specific when it fails to show which of the letters or what portions thereof it is contended should have been so construed, although it may clearly show in what manner the court left to the jury the construction complained of. *Kehoe* v. *Hanley*, 95 *Ga.* 321 (22 S. E. 539); *Smith* v. *Georgia Warehouse Co.*, 99 *Ga.* 131 (24 S. E. 875).

7. The jury having found against the contention of the defendant as to the alleged termination of the contract, there was no harmful error in the charge complained of in the tenth ground of the motion for a new trial.

8. The verdict was authorized by the evidence, and, the rules of law having been properly submitted in the charge of the court, the motion for new trial was properly refused.

> *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
> DECIDED FEBRUARY 1, 1917.

Attachment; from city court of Macon—Judge Mathews. December 22, 1915.

*Hardeman, Jones, Park & Johnston*, for plaintiff in error.

*Miller & Jones, P. F. Brock*, contra.