### 14047.   BUTLER *v.* GINSBERG.

JENKINS, P. J. Mrs. Frances Ginsburg brought suit against H. C. Butler, seeking to recover $2,700 damages for breach of contract. The petition alleged that on October 15, 1919,. plaintiff contracted to purchase from defendant certain real estate in the city of LaGrange for the sum of $6,300, and that on that date he gave her a 30-days option, or bond for title evidencing her right to purchase, a copy of which was attached to the petition; that the defendant breached his contract, and that the plaintiff, within the 30 days stipulated in the option or bond for title, tendered to the defendant the balance of the purchase price and demanded the execution of a deed; that after such tender and within said period of 30 days plaintiff had an opportunity to sell the property for $9,000, which was then the market value of the property, and that on account of the breach of the contract by the defendant she had thus been damaged in the sum of $2,700. Butler by his pleadings denied that he had agreed to sell the property to Mrs. Ginsburg, but set up that he had agreed to sell it to Mrs. Frances Ginsburg, Goldstein Brothers, and Mrs. Pauline Goldstein, and alleged that he tendered a deed to each of these parties for their separate undivided interest, but this allegation as to tender is not supported by the evidence, although there was testimony that such deeds had been prepared. The written option forming the basis of the suit was executed by Butler to the plaintiff, who testified that she did not have any contract with him whereby she was to have a half interest in the property, and Goldstein Brothers and Mrs. Pauline Goldstein were each to have a fourth interest, but that, after she had obtained the option from Butler, she entered into an agreement with Goldstein Brothers and Mrs. Pauline Goldstein whereby she agreed to sell to each of them a fourth interest in the property, and that this was an agreement to which Butler was in no manner a party. The jury rendered a verdict in favor of the plaintiff for the amount sued for. The defendant excepted to the overruling of his motion for a new trial, based upon the general grounds and the exclusion of certain documentary evidence. *Held*:

1. The verdict was amply sustained by the evidence. Moreover, the exceptions based upon the general grounds, not being insisted on in the brief of defendant's counsel, must be treated as abandoned.

2. The court did not err in rejecting the following instrument of writing, offered by the defendant in support of his plea:

" Georgia, Troup County: We the undersigned agree with H. C. Butler that we purchase the laundry lot with the understanding that ·if A.

Reeves has any written outstanding lease for the premises, we take the property subject to such written lease.

(Signed)                                    Frances Ginsburg,
                                            Goldstein Brothers
                                                by Morris Goldstein,
                                            Mrs. Pauline Goldstein,
                                                by M. Goldstein."

This instrument did not constitute a valid agreement such as could be taken to supersede the contract sued on. "In order that an existing contract shall be discharged by the making of a new and inconsistent agreement by the parties thereto, the new contract must be so complete in all of its terms as to bind each of the contracting parties." *American Sewer Pipe Co.* v. *Mathews,* 19 *Ga. App.* 248 (3) (91 S. E. 284). It was properly rejected for the additional reason that, according to the undisputed evidence, the instrument offered was not executed until several months after the rights of the plaintiff had accrued, and the option forming the basis of the suit had expired.

3. The court did not err in rejecting the petition against the defendant filed by Mrs. Pauline Goldstein on November 15, 1920, seeking to recover damages from the defendant for breach of contract for the sale of the same property, since such a petition by one not a party to the present proceeding could not bind the plaintiff in the instant case.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1923.

Action on contract; from city court of LaGrange — Judge Duke Davis. September 30, 1922.

*Moon & Parham,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman, A. H. Thompson, Lovejoy & Mayer,* contra.