## 53493. CHEWNING et al. v. HUEBNER et al.

MARSHALL, Judge.

Appellants Chewning, Wilson and Wilson, appeal the jury verdict and judgment for Dr. and Mrs. Huebner, defendants below, appellees herein, based upon a suit to recover allegedly usurious interest paid upon a note given as payment for certain real property.

The facts show that Dr. Huebner and his wife sold a certain tract of land to a real estate corporation in Athens, Georgia, for $92,000. The Huebners took a note and security deed as part payment for the purchase price, accepting $32,000 down and the note for the remaining $60,000 protected by the security deed. These documents were valid on their face and are not contested. The present appellants purchased the property from the corporation (apparently without knowledge of the Huebners). The appellants assumed the note and mortgage of the Athens corporation with the ultimate consent of the Huebners. However, because of a misunderstanding, the appellants missed the next interest payment on the note when due. Dr. Huebner through his attorney exercised his right under the original note and security deed to escalate the indebtedness, and served notice of such escalation and made demand for attorney fees. The appellants, in order to protect their investment, having paid the corporation $32,000 to assume the obligation, negotiated with Dr. Huebner and arranged to enter into a new and satisfactory agreement with him. The appellants signed a new note and security deed. This required the immediate payment of $20,000 in principal, as well as shortening the repayment time and changing the rate of interest. Also by this note and deed, the Huebners looked to the appellants for satisfaction of the indebtedness. The appellants have paid the entire indebtedness, including interest upon the remaining $40,000 indebtedness at the rate of 9 1/2% interest. Upon the execution of the new note and indebtedness, the original note and deed were stamped as having been canceled by renewal, and both documents were acknowledged as having been canceled as indicated by the signatures of the Huebners. The appellants brought this suit seeking the return of all interest paid

upon the $40,000 as being usurious. The trial court rejected a motion for summary judgment, a motion for directed verdict following the presentation of evidence by the defendant, and entered judgment upon the jury's verdict in favor of the Huebners. The appellants enumerate as error the denial of their subsequent motion for new trial, or alternatively judgment n.o.v., the denial of their motion for directed verdict and certain instructions given by the trial judge. *Held:*

In this case there was, by mutual agreement, a substitution for the original debtor, the Athens corporation, by the appellants herein. A new note was executed between the Huebners and the appellants, and it was the clear and expressed intention of the Huebners that the new note acted as a cancellation of the original debt. This constituted a novation. *Acree v. Kay,* 188 Ga. 783, 787 (4 SE2d 820) (1939); *Yancey Bros. Co. v. Bowling,* 92 Ga. App. 291 (2) (88 SE2d 566) (1955). An existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject matter embraced by the original contract. *Hennessy v. Woodruff,* 210 Ga. 742, 744 (82 SE2d 859) (1954). See *American Iron &c. Co. v. Nat. Cylinder Gas Co.,* 105 Ga. App. 458, 462 (125 SE2d 106) (1962). It follows that we will look to the terms of the last note as executed between the Huebners and the appellants herein to determine if the terms thereof provided for usurious interest.

If a grantor and grantee agree upon a cash price of property which is the subject matter of the sale, but the sale itself is not for cash, but is distinctly on credit until a particular time in the future, the transaction will not be rendered usurious because the grantor, in order to make a time price on the property, adds to the cash price another sum, and includes the total amount thus arrived at in a promissory note which the purchaser gives, securing the same by a mortgage on the realty. The law recognizes the right of a seller to make a difference in his cash price for his property; and though in a given instance this difference may exceed eight percent (or in the case of real estate, nine percent) the law as to usury is not applicable. *Rushing v. Worsham,* 102 Ga. 825 (30 SE 541) (1897). If,

however, the property is sold at a cash price, and time is given by grantor to the purchaser upon a portion of the purchase money, and a greater rate of interest than that allowed by law is charged on such deferred payments, the contract is usurious. *Graham v. Lynch,* 206 Ga. 301, 303 (57 SE2d 86) (1950); *E. Tris Napier Co. v. Trawick,* 164 Ga. 781 (1) (139 SE 552) (1927); *Ozmore v. Coram,* 133 Ga. 250 (2) (65 SE 448) (1909); *Irvin v. Mathews,* 75 Ga. 739 (2) (1885).

In this case, Dr. Huebner established as a set price for the sale of his property the figure of $92,000. He accepted $32,000 cash down payment and allowed the original debtor to pay off the balance over an eight-year period, but at a lawful rate of interest. He then accepted a new debtor in substitution of the original, maintained his selling price as $92,000, received an additional $20,000 payment (for a total of $52,000 down) and took a new note for the remaining $40,000. The face of this note clearly and unequivocally calls for the payment of a rate of interest of 9 1/2%. This violates the provisions of Ga. L. 1970, p. 174 (Code Ann. § 57-101.1), which establishes the legal maximum rate at 9% per annum in transactions where the security for the forbearance is real property. Such an interest rate is usurious. See *Poteat v. Butler,* 231 Ga. 187, 189 (200 SE2d 741) (1973).

The parties to this dispute do not contest the fact that a second note and deed was executed by the appellants and accepted by the appellees. They do not dispute that the note called for 9 1/2% per annum upon the $40,000. There is no disagreement as to the provisions of the note nor that the original note was stamped canceled by renewal and the cancellation acknowledged by the appellees. In short, the material facts are not in dispute, only the interpretation of those facts.

Under the circumstances, we are convinced that the trial judge erred in refusing to grant the directed verdict for the appellants at the close of the appellees' evidence. The direction of a verdict is proper where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663) (1974); *State*

*Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972). It is permissible in situations where, if there were a determination the other way, it would have to be set aside by the court. *Sunset Villa, Inc. v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463) (1975). We find this to be true in the instant case.

In view of the conclusions reached herein, in which we have found error in the trial judge's denial of the motion for a directed verdict in favor of the appellants, the remaining enumerations of error are rendered moot and do not require discussion or ruling. The judgment of the trial court is reversed and the case is remanded to the trial court with direction that upon remittitur judgment be entered in favor of the appellants.

*Judgment reversed with direction. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 12, 1977 — REHEARING DENIED APRIL 28, 1977.

*Davis & Stringer, Robert H. Stringer, Jim Hudson, Ernest J. Nelson, Jr.,* for appellants.

*Fortson, Bentley & Griffin, Edwin Fortson, Gene Mac Winburn,* for appellees.