A98A1948. TAUBER et al. v. COMMUNITY CENTERS TWO, L.L.C.
(509 SE2d 662)

Judge Harold R. Banke.

Asserting three errors, Barry Tauber and Deborah Tauber appeal a default judgment and the denial of a related motion.

The underlying case arose after Community Centers Two, L.L.C. ("CCT") filed a Proceeding Against Tenant Holding Over against its tenant, Atlanta Parteez, Inc. d/b/a Discount Party Warehouse, and the Taubers, the personal guarantors of payment on the lease.[1] The complaint sought possession, past due rents, late charges and other charges. Although the corporate tenant, Atlanta Parteez, Inc. was served by "tack and mail" on October 2, it made no response and voluntarily left the premises. Service on the Taubers was not effectuated until January 16, when the Taubers' counsel accepted service for them. The Taubers failed to respond within seven days of that service. On February 16, the trial court entered a default judgment for more than $102,000 against Atlanta Parteez, Inc. and the Taubers.[2] On the same day the Taubers filed an answer. Subsequently, CCT filed a motion to strike the Taubers' answer. The Taubers filed a consolidated motion which sought to open default, to set aside and vacate the default judgment, for new trial, and to dismiss the action.

At the motion hearing, the Taubers argued that dispossessory proceedings under OCGA § 44-7-51 pertain strictly to those in a landlord/tenant relationship. They asserted the trial court lacked subject matter jurisdiction over them because they were non-tenant guarantors. They claimed that they had thirty days, not seven, to answer.

---

[1] Barry and Deborah Tauber were president and secretary respectively of Atlanta Parteez, Inc. and its sole owners.

[2] Atlanta Parteez, Inc. did not appeal that judgment. See *Housing Auth. &c. of Atlanta v. Hudson*, 250 Ga. 109, 111 (296 SE2d 558) (1982) ("[A] judgment for rent allegedly due cannot be rendered upon default where service was by nail and mail.").

Ultimately, the court determined that the dispossessory action did pertain to the Taubers and found their answer untimely under OCGA § 44-7-51. The court rejected the Taubers' motion in its entirety. *Held*:

1. The Taubers contend that the trial court erred in striking their answer. They claim that inasmuch as the underlying issue was a contractual matter, under the Civil Practice Act, they had 30 days to respond. They further argue that as non-tenants the trial court lacked subject matter jurisdiction over them. We disagree.

It is undisputed that the action was filed as a dispossessory proceeding. Under such action, a defendant has seven, not thirty, days to respond. OCGA § 44-7-51 (b). The record shows that the Taubers accepted service and did not answer within the requisite time. Had they timely answered, the Taubers could have challenged their liability or asserted other defenses. The Taubers failed to offer any authority, and we know of none, allowing additional time to respond to this statutory proceeding.

Even assuming the Taubers were not a proper party to the action, they failed to timely assert that defense. See *Green v. Carver State Bank*, 178 Ga. App. 798, 800 (4) (344 SE2d 507) (1986) (landlord and tenant are the only proper parties to dispossessory proceeding); *Fitzgerald Trust Co. v. Shepard*, 60 Ga. App. 674, 675-676 (2) (4 SE2d 689) (1939). See OCGA § 9-11-12 (b) (6).

Notwithstanding the Taubers' claim to the contrary, the trial court did not lack subject matter jurisdiction. OCGA § 44-7-50 (a) explicitly confers a state court with jurisdiction over dispossessory actions. See *Hill v. Kaminsky*, 160 Ga. App. 630, 631 (287 SE2d 639) (1981) (subject matter jurisdiction pertains to general class of cases). Therefore, OCGA § 9-11-60 (d) (1) did not apply.

2. The Taubers contend that the trial court erred in granting default judgment. Due to their untimely answer, the case lurched into default. After the time for an answer passes, an action proceeds automatically into default "unless the time for filing the answer has been extended as provided by law." OCGA § 9-11-55 (a). Here, no such extension applied as noted in Division 1.

3. The Taubers contend that the trial court erred in denying their motion to set aside and vacate default judgment, to open default, and to dismiss. We disagree.

" 'Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense.' [Cits.]" (Citation and punctuation omitted.) *West v. Smith*, 196 Ga. App. 69, 70 (395 SE2d 302) (1990). Here, no such meritorious defense was shown. See *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997). Under the terms of the personal guaranty, the Taubers were unconditionally and absolutely responsible for all lia-

bility of Atlanta Parteez, Inc. under the lease. The personal guaranty expressly provides, "The liability of Guarantor is co-extensive with that of Tenant and also joint and several." According to the guaranty, "[i]n the event of any legal action or proceeding brought by Landlord against Guarantor or Tenant arising out of the Lease or this Guaranty, Landlord shall be entitled to recover its reasonable attorneys' fees and costs incurred in such action."

Moreover, the Taubers failed to satisfy the requisite statutory grounds of "providential cause" or "excusable neglect," or "proper case" necessary to open default. OCGA § 9-11-55 (b). Although OCGA § 9-11-55 (b) empowers a trial court with discretion to open a default, that discretion is not without limits. *First Union Nat. Bank v. Floyd*, 198 Ga. App. 99, 101 (2) (400 SE2d 393) (1990) (broad ground of "proper case" does not vest court with discretion to open a default for reasons which fall short of a reasonable excuse for failure to answer). In the absence of evidence showing the Taubers' compliance with the conditions precedent set forth in OCGA § 9-11-55 (b), the trial court properly refused to open the default. *Stewart*, 229 Ga. App. at 121 (2).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 19, 1998 —
RECONSIDERATION DENIED DECEMBER 9, 1998

*Stephen J. Sasine*, for appellants.
*Slutzky, Wolfe & Bailey, Ray S. Smith III*, for appellee.