## A08A1590. PRITCHETT v. AFZAL.

(666 SE2d 641)

BLACKBURN, Presiding Judge.

Following a bench trial in a commercial lease dispossessory case, Melvin Pritchett (landlord) appeals the trial court's judgment in favor of the defendant, Mian Afzal (tenant), contending that the trial court erred (1) by resolving certain factual issues against Pritchett, and (2) by ruling that a sublease subsequent to Afzal's lease was not a novation and release of Afzal. For the reasons that follow, we affirm.

"On appeal from a bench trial, we construe the evidence in favor of the judgment and will not disturb fact findings of a trial court if there is any evidence to sustain them." *Hampshire Homes, Inc. v. Espinosa Constr. Svcs.*[1] So viewed, the evidence shows that in March 2000, Pritchett and Afzal entered into a commercial lease whereby Afzal rented a gas station from Pritchett. The monthly rent was $3,500, and the lease was to expire in August 2006, with a ten-year renewal option.

In 2002, Afzal needed to leave the country to attend to deaths in his family, and he orally requested that Pritchett allow him to sublease the property to an uncle and a friend. In September 2002, Pritchett executed a lease between himself and the uncle and the friend, which purported to lease the property to them for $3,600 monthly rent for the same duration as Afzal's lease. Afzal was not a party to that lease. In 2005, Afzal requested in writing that the sublease be terminated and that he be allowed to resume his tenancy under the March 2000 lease. It is undisputed that Afzal then resumed occupancy and operation of the gas station.

On May 31, 2006, Afzal, through his attorney, sent a letter to Pritchett notifying him "that Mr. Afzal is exercising his option to renew the existing lease as per your Lease Agreement." On July 1, 2006, one month before the expiration of Afzal's March 2000 lease, Afzal tendered a check for a $3,600 rent payment to Pritchett who refused it on the basis that Afzal was allegedly behind in his payments and had allegedly asked Pritchett to delay cashing it. On July 12, 2006, Pritchett filed a dispossessory claim against Afzal, seeking possession, past due rent of $3,600, and future rent accruing until the date of vacancy. Afzal answered, complied with an initial order of the court to tender monthly rent payments to the registry of the court, and, following a bench trial, won judgment in his favor. Pritchett initially filed a notice of appeal, which he later dismissed

---

[1] *Hampshire Homes, Inc. v. Espinosa Constr. Svcs.*, 288 Ga. App. 718, 719 (655 SE2d 316) (2007).

after the parties agreed to a consent order granting a new bench trial, awarding possession to Afzal pending trial and requiring Afzal to continue to pay to the registry of the court monthly rent payments (which Afzal did pay and which payments were remitted to Pritchett). Following a second bench trial in which the parties stipulated to the evidence from the first bench trial, the trial court again ruled in favor of Afzal and issued an order containing findings of fact and conclusions of law. Pritchett's subsequent motion for new trial was denied, and he now appeals.

1. Pritchett contends that the trial court erred in making certain factual findings, i.e., (i) that he refused the check Afzal tendered on July 1, 2006, and (ii) that Afzal actually exercised his option to renew the lease. However, Pritchett fails to support this enumeration with argument or citation to authority in his appellate brief. Therefore, these assertions are waived. *Hicks v. Newman*[2] ("failure to provide any cogent argument or citation of authority in support of . . . alleged error constitutes waiver").

Nevertheless, with respect to Pritchett's refusal of payment, we note that there was competent testimony from both Afzal and Pritchett's son that Pritchett refused to accept the check tendered by Afzal, despite evidence that Afzal's account contained adequate funds at the time he tendered the check. With respect to Afzal's renewal, there was competent documentary and testimonial evidence that Afzal, through his attorney, wrote a letter in May 2006 notifying Pritchett of Afzal's intent to exercise his option to renew the 2000 lease for a new term of ten years. Further, it is undisputed that Pritchett received and accepted payment of each subsequent month's rent after the initial term of the March 2000 lease. Accordingly, the trial court was authorized to find that Pritchett improperly refused the rent payment tendered by Afzal and that Afzal exercised his option to renew the lease. See OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"); *Nacoochee Corp. v. Suwanee Investment Partners*[3] ("[i]n reviewing a judgment from a bench trial, we will not disturb the trial court's findings of fact if there is any evidence to support them").

2. Pritchett next contends that the trial court erred in failing to rule that the 2002 lease executed between himself and Afzal's uncle and friend was a novation which extinguished the 2000 lease to Afzal. We disagree.

---

[2] *Hicks v. Newman*, 283 Ga. App. 352, 353 (641 SE2d 589) (2007).

[3] *Nacoochee Corp. v. Suwanee Investment Partners*, 275 Ga. App. 444, 445 (620 SE2d 641) (2005).

> Under our law, a simple contract regarding the same matter and based on no new consideration does not destroy another simple contract between the same parties. Although an existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject matter embraced by the original contract, to constitute a novation four essential requisites must exist: (1) a previous valid obligation, (2) the agreement of the parties to a new contract, (3) a mutual intention by the parties to substitute the new contract for the old one, and (4) the validity of the new contract. If any of the essential elements is lacking, there is no novation. Further, whether the parties mutually intended a novation is ordinarily a question for the [fact-finder].

(Citations and punctuation omitted.) *Mil-Spec Indus. Corp. v. Pyrotechnic Specialties*.[4]

Here, the issue turns on the absence of the parties' agreement to a new contract and the absence of mutual intent to substitute a new contract for the old one. First, we note that Afzal's lease itself provided that "no sublease or assignment by Tenant shall relieve Tenant of any liability hereunder." Consistent with this, Afzal at all times conducted himself as though he was ultimately still bound by the 2000 lease between himself and Pritchett (even during Afzal's absence), and Afzal resumed lease payments after the sublessees vacated the premises. The evidence was undisputed that Afzal never signed (nor was presented with) the second lease executed between Pritchett and the purported sublessees. Pritchett points to no evidence that Afzal intended to create a novation. In light of the evidence in this case to the contrary, the trial court was authorized to find that the parties did not mutually intend a novation. See, e.g., *Fagbemi v. JDN Realty Corp.*[5] ("unless there exists evidence of intent for an assignment to act as a novation, an original tenant is not normally released from liability when a lease is assigned"); *Chalkley v. Ward*.[6] That Afzal willingly began paying $100 more in rent upon his return to the premises ("due to [Pritchett's] insurance and his [tax] increase") was at most a mutual departure from his original lease contract, and, as such, it does not require reversal of the trial court's finding that no novation occurred. See *Southwest Plaster &*

---

[4] *Mil-Spec Indus. Corp. v. Pyrotechnic Specialties*, 262 Ga. App. 582, 585 (3) (586 SE2d 7) (2003).

[5] *Fagbemi v. JDN Realty Corp.*, 275 Ga. App. 540, 542 (621 SE2d 765) (2005).

[6] *Chalkley v. Ward*, 119 Ga. App. 227, 231 (1) (166 SE2d 748) (1969).

*Drywall Co. v. R. S. Armstrong & Bros. Co.*[7] ("[a] mutual departure from one contract term . . . does not affect the enforceability of the other contractual provisions").

In light of the fact that the trial court correctly ruled that the 2002 lease executed between Pritchett and the uncle and friend was not a novation, and that the original contract provided that any sublease or assignment did not terminate Afzal's original lease, and in light of the evidence that Afzal had exercised his option to renew the 2000 lease, we affirm the judgment below. Pritchett's remaining enumerations are moot.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 14, 2008.

*Bannister & Black, Charles C. Black,* for appellant.
*Brock, Clay, Calhoun & Rogers, Charles C. Clay,* for appellee.

[7] *Southwest Plaster & Drywall Co. v. R. S. Armstrong & Bros. Co.*, 166 Ga. App. 373, 374 (304 SE2d 500) (1983).