## A08A1908. PERKINS v. BANK OF NEW YORK.

(671 SE2d 882)

RUFFIN, Presiding Judge.

In this dispossessory action, Tyward Perkins, acting pro se, appeals from the trial court's grant of a writ of possession in favor of the Bank of New York Trust Company N.A. ("Bank of New York").[1] We affirm, for reasons that follow.

The record shows that on June 4, 2007, the Bank of New York filed a petition for a writ of possession against Perkins in the State Court of DeKalb County, alleging that he was a tenant at sufferance following foreclosure. On June 11, 2007, Perkins filed a "Notice of Removal and Federal Stay Pursuant to 29 USCA 1446 (D) & 28 USCA 1452 With Supplemental of Jurisdiction [sic]."[2] Thereafter, the U. S. District Court remanded the case to DeKalb County on February 4, 2008. On May 15, 2008, following a trial, the State Court of DeKalb County entered a final judgment, granting the Bank of New York a writ of possession against Perkins. The record reflects that on the same day, Perkins filed an unsigned "Summary Motion to Dismiss," alleging that the state court lacked subject matter jurisdiction; it does not appear from the record that the trial court ruled on that or this motion.

1. In his sole enumeration of error, Perkins asserts that the trial court "did err ruling on this [c]ase and issuing an [o]rder of [p]ossession in violation of U. S. District Court Supplemental of Jurisdiction." His argument, which consists of a single page, states that:

> This case involves a dispossessory action filed against Tyward Perkins. Mr. Perkins is the victim of an[ ] unlawful foreclosure action and also. [sic] an [u]nlawful dispossessory

---

[1] We note that Perkins refers to the appellee in his notice of appeal as "Bank of New York."

[2] The notice of removal and federal stay was styled "Tyward Perkins v. Homecomings Financial The Bank of New York Trust Co."

action. The Appellant did file [a] summary [m]otion to dismiss the dispossessory action.

## A. *The Underlying Judgment is Not Void on Its Face*

OCGA § 9-11-12 (h) (3) provides that whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the [sic] **shall** dismiss the action.[3]

As an initial matter, we note that Perkins' enumeration fails to comply with Court of Appeals Rule 25 (c) (2) (i) in that the alleged error is not supported by specific reference to the record or transcript. "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."[4] And "[w]hile our goal is to directly address the specific issues raised on appeal, where . . . the contentions presented are argued generally, we must necessarily answer these issues in a similar fashion."[5]

Here, Perkins' contentions are not supported by cogent argument or citation to authority. Therefore, he has waived his arguments.[6] Furthermore, Perkins failed to file a transcript of the dispossessory hearing before the trial court. As a result, to the extent that his challenge to the grant of the writ of possession is based on factual issues or requires consideration of the evidence presented at the hearing, we must assume that the evidence supported the trial court's order in the absence of a transcript or a statutorily authorized substitute.[7]

Finally, we also note that Perkins' contention that the trial court lacked subject matter jurisdiction provides no basis for reversal. While Perkins may have raised this argument — in an unsigned motion that he filed on the day of the final hearing — it does not appear that the trial court ruled on the issue, and thus we cannot address it. "This court is for the correction of errors, and where the

---

[3] (Emphasis in original.)

[4] (Citation omitted.) *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

[5] Id.

[6] See *Pritchett v. Afzal*, 293 Ga. App. 302, 303 (1) (666 SE2d 641) (2008) (" 'failure to provide any cogent argument or citation of authority in support of . . . alleged error constitutes waiver' "). See also *Wright v. AFLAC, Inc.*, 283 Ga. App. 890, 893 (4) (643 SE2d 233) (2007).

[7] See *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008) (" 'When a transcript of the evidence is necessary . . . , and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession.' ").

trial court has not ruled on an issue, we will not address it."[8] Furthermore, OCGA § 44-7-50 (a) explicitly confers a state court with jurisdiction over cases where a tenant holds possession of land and in all cases where lands are held by any tenant at will or sufferance.[9] And although Perkins attempted to remove the case to federal court, the state court resumed jurisdiction after the U. S. District Court remanded the case to DeKalb County.[10]

2. In light of our holding in Division 1 above, the Bank of New York's motion to dismiss this appeal is denied as moot.

*Judgment affirmed. Andrews, J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED DECEMBER 30, 2008.

*Morris, Schneider, Prior, Johnson & Freedman, Paul G. Wersant*, for appellee.

---

[8] (Punctuation omitted.) *Shuler v. Hicks, Massey & Gardner, LLP*, 280 Ga. App. 738, 742 (2) (634 SE2d 786) (2006).

[9] See *Tauber v. Community Centers Two*, 235 Ga. App. 705, 706 (1) (509 SE2d 662) (1998).

[10] See 28 USC § 1446 (d) (providing that after removal "the State court shall proceed no further unless and until the case is remanded"). See also *Southern Bell Tel. &c. Co. v. Perry*, 168 Ga. App. 387, 388 (308 SE2d 848) (1983) (" 'When an action in a State court is removed to a Federal district court, the jurisdiction of the State court is suspended until the case is remanded to the State court, at which time the case resumes the status it occupied at the time of the removal.' ").