**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 23, 2022**

# In the Court of Appeals of Georgia

A22A1031. ATWOOD SERVICES, INC. v. VFH CAPTIVE
    INSURANCE COMPANY et al.

PHIPPS, Senior Appellate Judge.

Following our grant of its application for interlocutory review, plaintiff Atwood Services, Inc. ("Atwood") appeals from a trial court order dismissing a breach of contract count in Atwood's second amended complaint against defendants VFH Captive Insurance Company and Crown Captive Insurance Company of the District of Columbia, Inc. (collectively, "VFH"). For the following reasons, we reverse.

The record shows that in 2001, The Strategies Company ("Strategies") executed a contract with VFH providing that Strategies would furnish "advice, counsel[,] and related services in matters of communications and marketing strategy"

to VFH. In exchange, VFH agreed to pay Strategies a monthly fee. The 2001 contract had a one-year term and renewed automatically unless either party gave written notice of nonrenewal within 90 days of the renewal date. According to Atwood's second amended complaint, Strategies and VFH each performed their contractual obligations from 2001 to 2010, and the 2001 contract automatically renewed on December 31 of every year. In 2010, Atwood acquired the business of Strategies. According to the second amended complaint, Atwood and VFH thereafter continued to perform their contractual obligations, and the 2001 contract continued to automatically renew each year.

In 2012, the parties purported to enter into a new agreement. Although this agreement did not specify what services Atwood would perform, it provided for additional fees and a ten-year term.

Atwood's second amended complaint asserts that from 2010 to 2018, it continued to provide business consulting services to VFH on a wide range of matters, including capitalization, rating, underwriting, budgeting, business planning, and general corporate strategy, and that VFH continued making monthly payments to Atwood until 2018. After 2018, Atwood maintains, no further payments were made.

Atwood filed suit, alleging several claims, including that VFH breached the 2012 agreement. VFH moved to dismiss the breach of contract claim on the basis that the 2012 agreement was unenforceable. Before the trial court ruled on the motion, Atwood filed an amended complaint, asserting, as relevant here, that VFH had breached the 2001 contract as extended by the 2012 agreement. VFH moved to dismiss several counts in the amended complaint, including Atwood's new breach of contract claim, arguing, in relevant part, that the 2012 agreement was not an extension, but rather was a new contract that was invalid because of lack of mutuality and consideration. The trial court granted the motion, finding that the 2012 agreement lacked both consideration and mutuality.[1]

Atwood then filed a second amended complaint alleging, among other claims, a breach of the 2001 contract.[2] VFH moved to dismiss the breach of contract count, arguing that, under the rules of contract construction, the 2012 agreement was a new contract intended to replace the 2001 contract. According to VFH, because the 2001

[1] The trial court also dismissed additional claims that are not germane to this appeal. The propriety of the trial court's ruling that the 2012 agreement is invalid is not raised by either party in this appeal, as a result of which we express no opinion on that question.

[2] This complaint also alleged claims for promissory estoppel, unjust enrichment, and quantum meruit, which remain pending.

3

contract had been replaced, it could not be the basis of Atwood's breach of contract claim. Atwood opposed VFH's motion, contending, as relevant here, that the 2012 agreement did not extinguish the 2001 contract for purposes of the motion to dismiss because the trial court previously ruled that the 2012 agreement is invalid for want of consideration and mutuality. The trial court granted VFH's motion to dismiss on the ground that the 2001 agreement had been superseded by the 2012 agreement.

After obtaining a certificate of immediate review, Atwood filed an application for interlocutory appeal, which was granted. This appeal followed.

> On appeal, this Court conducts a de novo review of a trial court's ruling on a motion to dismiss. In doing so, our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts; however we need not adopt a party's legal conclusions based on these facts.

*Small v. Chatham County*, 360 Ga. App. 500, 500-501 (861 SE2d 437) (2021) (citation and punctuation omitted).

1. Atwood contends that the trial court erred in granting VFH's motion to dismiss because the 2012 agreement fails as a novation or an accord and satisfaction and did not terminate the 2001 contract. We agree.

4

"An existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement, completely covering the subject-matter which was embraced by the original contract." *Hennessy v. Woodruff*, 210 Ga. 742, 744 (1) (82 SE2d 859) (1954) (citation and punctuation omitted); *Powell v. Norman Elec. Galaxy*, 229 Ga. App. 99, 101 (1) (493 SE2d 205) (1997) (same); *Chewning v. Huebner*, 142 Ga. App. 112, 113 (235 SE2d 573) (1977) (same). "To discharge an existing contract, the subsequent, inconsistent agreement covering the same subject-matter must be a *valid* contract[.]" *Carter v. Rich's, Inc.*, 83 Ga. App. 188, 192 (4) (63 SE2d 241) (1951). Furthermore, "to constitute a novation[,] four essential requisites must exist: (1) a previous valid obligation, (2) the agreement of the parties to a new contract, (3) a mutual intention by the parties to substitute the new contract for the old one, and (4) the validity of the new contract. If any of the essential elements is lacking, there is no novation." *Pritchett v. Afzal*, 293 Ga. App. 302, 304 (2) (666 SE2d 641) (2008) (citation and punctuation omitted); see also *Brannen/Goddard Co. v. Sheffield, Inc.*, 240 Ga. App. 667, 670 (524 SE2d 534) (1999) (a new lease containing material terms different from those in the original lease constituted a novation that extinguished the original lease). Similarly, to prove the defense of accord and satisfaction, a party must show: "(1) a previous valid

obligation, (2) the agreement of the parties to the new contract, (3) a mutual intention by the parties to substitute the new contract for the old one, and (4) the validity of the new contract." *Stewart v. Johnson*, 269 Ga. App. 698, 699 (605 SE2d 111) (2004) (citation and punctuation omitted).

Here, the trial court granted VFH's motion to dismiss on the ground that the 2012 agreement superseded the 2001 contract, reasoning that "the parties plainly intended to replace the 2001 [a]greement with a new agreement" based on the language of the 2012 agreement and that "Atwood's intention to replace the 2001 [contract] and enter into a new agreement is also shown by its conduct after entering into the 2012 [a]greement." However, when it granted VFH's motion to dismiss, the court had already determined that the 2012 agreement was unenforceable due to a lack of consideration and mutuality. Atwood argues that because the trial court previously concluded that the 2012 agreement is not a valid contract, the 2012 agreement fails as a novation or an accord and satisfaction and could not have terminated the 2001 contract.[3] VFH, for its part, does not contend that the 2012

_____

[3] Although VFH contends that the 2001 contract is no longer in effect, the parties do not dispute the validity of the 2001 contract. And neither party contends that the 2012 agreement constitutes "written notice of nonrenewal within ninety (90) days of renewal" as specified in the automatic renewal provision of the 2001 contract.

6

agreement was a novation or an accord and satisfaction. Instead, VFH asserts that because the parties attempted to enter into a new agreement but failed to do so in a legally binding way, the 2012 agreement is invalid and Atwood is left to recover, if at all, in quantum meruit. VFH argues that the invalidity of the 2012 agreement does not mean that the 2001 contract continued in effect. However, VFH has cited no authority, and we have found none, to support the argument that a subsequent invalid contract can supersede an existing contract. On the contrary, long-standing Georgia authority establishes that to supersede an existing contract, a subsequent contract must be valid. *Hennessy*, 210 Ga. at 744 (1); *Powell*, 229 Ga. App. at 101 (1); *Chewning*, 142 Ga. App. at 113; *Carter*, 83 Ga. App. at 192 (4). Having determined that the 2012 agreement was invalid, the trial court erred by ruling that the 2012 agreement superseded the 2001 contract and dismissing Atwood's breach of contract claim (based on the 2001 contract) on this basis. See *Hennessy*, 210 Ga. at 744 (1); *Powell*, 229 Ga. App. at 101 (1); *Chewning*, 142 Ga. App. at 113; *Carter*, 83 Ga. App. at 192 (4).

2. Given our conclusion in Division 1, we need not address Atwood's alternative arguments that the parties intended for the 2012 agreement to serve as a

modification of the 2001 contract or that the trial court erred by considering parol evidence to determine the parties' intent as to the effect of the 2012 agreement.

*Judgment reversed. Doyle, P. J., and Reese, J., concur.*

8